STATE USE OF ALFRED LYNCH *vs:* GEORGE L. BARNETT and LEMUEL F. HOLT, Administrators of WILLIAM H. LYNCH, Deceased.

Sussex County, October Term, 1895.

**Executors and Administrators. Account. Jurisdiction.**—Accounts passed by an executor or an administrator before the Register, are final and conclusive, unless excepted to and carried into the Orphans' Court in due course of appellate proceedings, wherein alone they can be questioned.

This was an action of debt on an administrator's bond. At the trial it appeared that the administrators had passed two accounts before the Register of Wills, the first one on the 26th day of March, 1891, which showed an overpaid balance due the administrators of $2.61 ; the second and final account was passed on the 9th day of December, 1891, which showed a full settlement of the estate.

The first account showed that $243.49 had been applied in part payment of a judgment of *George L. Barnett vs. William H. Lynch and Alfred Lynch,* which amount the plaintiff claimed was applicable of a judgment held by him against William H. Lynch.

The records of the Court of Chancery were offered in evidence by the plaintiff to show that proceedings had been had in that Court to avoid the said judgment of *George L. Barnett vs. William H. Lynch and Alfred Lynch,* and that a decree of the Chancellor had been made avoiding the same.

*Cullen,* for the defendant, objected to the admission of the record, on the ground that it was irrelevant ; since if the judgment had been avoided and the money applied to it when the same was applicable to the judgment of *Alfred Lynch vs. William H. Lynch,* the plaintiff could not recover the amount so misapplied until the accounts had been re-adjusted by proper proceedings in the Orphan's Court.

The objection was sustained.

Charge.

LORE, C. J. (charging the jury.)

This is an action of debt upon an administrator's bond, to recover the sum of $243.49, with interest from March 26th, 1891, amounting to $309.96.

This amount is claimed on the ground that the defendant, George L. Barnett, as administrator of William H.Lynch deceased, applied so much of the assets of the deceased to a judgment held by the administrator against the decedent, which judgment was void; when the amount should have been applied by him to the judgment which the plaintiff held against the deceased.

To entitle the plaintiff to recover, it is conceded that the plaintiff must prove that there are assets in the hands of the defendant applicable to this claim.

The plaintiff in settling the estate of decedent, passed two accounts before the Register of Wills of this county. The first one was on the 26th day of March, 1891, and showed an overpaid balance due the administrator of $2.61; the second and final account was passed on the 9th day of December, 1891, and shows a full settlement of the estate, and that all the assets received had been paid out and allowed by the Register in such settlement.

These accounts are produced in evidence on the part of the plaintiff to show assets; and the claim is made that notwithstanding they were so offered by the plaintiff, and on their face show no assets, that they may be contradicted by extraneous proof, and that by such proof it may be shown that said accounts are incorrect and that the alleged misapplied assets are applicable to the plaintiff's claim.

The Constitution of this State, Article 6, Section 21, provides that the Register of Wills shall adjust and settle every account of an administrator; and accounts so settled shall remain in his office for inspection; that exceptions may be made by persons concerned, to both sides of such account, either denying the justice of the allowance made to the accountant, or alleging further charges against him, which exceptions shall be heard in the Orphans' Court for the

Charge.

county, and thereupon the account shall be adjusted and settled according to the right of the matter and the law of the land.

By uniform practice, so far as we have been able to find, debts due from the decedent, and paid by the administrator, have been included among the allowances in such accounts, so passed by the Register in the first instance, and, on exceptions, by the Orphans' Court. This we think is clearly within their constitutional jurisdiction.

The Court of Errors and Appeals in *State, use of Robinson vs. Robinson's Administrator*, 3 Harring. 437 held, " that the Constitution regards the Register as clothed with power to examine, adjust and settle administrators' accounts and gives an appeal from this settlement to the Orphans' Court, where alone those accounts can be questioned."

Thus in the orderly settlement of the estate of a decedent, the Constitution and laws provide for a record of the receipts and expenditures of the administrator, passed before the Register, remaining in his office and open for inspection at all times to persons interested; any one of whom may except to said accounts and have them rightfully adjusted by the Orphans' Court on such appeal. If not so excepted to, they would seem to be final as to all matters rightfully included therein.

The plaintiff in this case did not except to the accounts of the defendant so examined, adjusted and settled before the Register; although it appears there was ample time to take such exceptions within the limitation of three years prescribed by the statute. He claims, however, that he can now in this action question those accounts, collaterally, and show that the assets which in the account itself appear to have been legally applied, were in fact misapplied. We do not so think. Accounts passed by an administrator before the Register are final and conclusive, unless excepted to and carried into the Orphans' Court, in the due course of such appellate proceedings, wherein alone they can be questioned.

Therefore, under the circumstances of this case, where the plaintiff relies upon the account itself to prove assets, and did not

except to the accounts which on their face show no assets, they are conclusive upon him, and may not be questioned collaterally in this mode of proceeding.

We therefore conclude that to entitle the plaintiff to recover in this action, it is necessary for him to show assets in the hands of the defendant. To show that by questioning these accounts, he must have first proceeded by exceptions to the account in the Orphans' Court, had them there adjusted and settled according to the very right of the matter and the law of the land, by which adjustment on their face assets in the hands of the administrator would have been manifest.

Failing to do this, he has no standing in this Court; and our judgment is that the plaintiff can not recover in this action.

You should therefore render your verdict for the defendant.

*Verdict for the Defendant.*

*J. Francis Bacon and Charles F. Richards,* for the plaintiff.

*C. W. Cullen,* for the defendant.